FRANK J. GRACE ET AL., PLAINTIFFS IN ERROR, v. J. H. WILLETS ET AL., DEFENDANTS IN ERROR.

1. The plaintiffs below deposited in Maurice River Cove, in 1884, a boat-load of oyster shells.   To these shells the germs of oysters floating in these waters attached themselves, and in about two years developed into marketable oysters.—*Held*, that these oysters belonged to the plaintiffs, and that they could maintain an action against the defendants for the removal and conversion of them.

2. Conceding that the planting of the shells constituted a public nuisance, that fact furnished no justification for converting the property of the plaintiffs to the use of the defendants.

In error.

For the plaintiffs in error, *D. J. Pancoast.*

For the defendants in error, *W. E. Potter.*

The opinion of the court was delivered by

Van Syckel, J.   In 1884, Willets, the plaintiff below, deposited in Maurice River Cove, in this state, a boat-load of oyster shells, and marked the deposit by stakes.

It appears that to the shells so deposited the germs of oysters floating in these waters will attach themselves, and in about two years will develop into marketable oysters.

It was admitted that the defendants below entered upon these deposits and carried away and appropriated these oysters. This suit was instituted to recover their value.

The trial judge charged the jury that in the waters of this state, beyond high-water mark, there is a right of fishery common to all the citizens of the state, until it is circumscribed by a grant by the state to one citizen in exclusion of all others. That it is also the law that if a man places oysters in the waters of Maurice river, upon a bed where oysters do not naturally grow, he does not thereby abandon his property in them so as to enable another to take and appropriate them to his own use without the owner's consent.

Whether the planting was made upon a natural oyster-bed, whereby property in the oysters would be forfeited under the statute of 1882, which applies to Maurice river and Delaware bay, was properly left to the jury. *Rev. Sup., p.* 118, *pl.* 24.

That in this respect the law was correctly stated is too well settled to be a subject of controversy. *Paul* v. *Hazleton,* 8 *Vroom* 106 ; *Wooley* v. *Campbell, Id.* 163 ; *State* v. *Taylor,* 3 *Dutcher* 117 ; *Metzger* v. *Post,* 15 *Vroom* 74.

There can be no better right to take and appropriate the property of another, deposited in the water-ways of the state, than there is to take a load of wood or a carriage left by the owner in the public road, to the nuisance of those who may pass and repass thereon.

Exception is taken to the further instruction to the jury that the same rule applied to the planting of oyster shells, and that the property which the plaintiffs had in the shells which were deposited by them attached to the entire property, which, by natural increase, had grown from this deposit.

Assuming, as we must, from the case as presented, that it was necessary to deposit the natural shell in order to attract the germ or sprout, and thereby in the order of natural growth produce the oyster, it seems as incontrovertibly to follow that the full-grown oyster is the property of him who planted the shell, as that the oyster when of marketable size belongs to him who planted it in its infant state, or as that the title to the colt is not lost by its growth and development into the horse.

The title to the colt is not lost by permitting it to run upon

the highway until it grows to be a horse.   The owner may be liable for its repeated trespasses, but no one can appropriate or destroy it without being liable to make restitution.

*State* v. *Taylor* and *Metzger* v. *Post*, *supra*, control this case, and establish the right of the plaintiffs below to recover.

The court refused to charge, as requested by the defendants below, that the plaintiffs' claim being in derogation of the common right, it must be established by a clear preponderance of the testimony.

None of the evidence submitted to the jury in this case appears in the bill of exceptions, and the pertinence of this request to charge is, therefore, not apparent.

The planting of the oyster shells by the plaintiffs and the taking of the oysters by the defendants, the facts upon which the plaintiffs' right to recover rests, do not appear to have been disputed.   It was properly held that the duty fell upon the defendants to satisfy the jury that the plaintiffs had forfeited their property-right by planting upon a natural oyster-bed in contravention of the statute of 1882.

No error appears in this refusal to charge.

The defendants requested the court also to charge "that if a less amount of ground would have been amply sufficient for the use of their thirty-five hundred bushels of shells, their attempt to take an unnecessary area of ground was unlawful, and deprived them of any exclusive right in the premises."

This request was properly refused.   Conceding that the planting of the shells constituted a public nuisance, that fact furnished no justification for converting the property of the plaintiffs to the use of the defendants.   *State* v. *Taylor* and *Metzger* v. *Post*, *supra*.

The judgment below should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DIXON, GARRISON, MAGIE, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, McGREGOR, PATERSON, WHITAKER.   12.

*For reversal*—None.